## Case No. 4,180.

### DUNNING v. PERKINS.

[2 Biss. 421.][1]

Circuit Court, N. D. Illinois. Jan., 1871.

Charles L. Easton, for plaintiff.
J. A. Cram, for defendants.

DRUMMOND, Circuit Judge. The fact that the two notes given by Rice, he being a merchant or trader within the meaning of the bankrupt act, were not paid, was enough to excite distrust as to his pecuniary condition. When a creditor is compelled to bring suit against a merchant for non-payment of notes bearing the character of commercial paper, and to which there is no defense, that is sufficient to create a suspicion in his mind that the debtor is insolvent, and it is the duty of the court under such circumstances to scan closely all methods of obtaining a preference by one creditor over another. The only argument that can be used in behalf of the defendants is that they had no reasonable ground for supposing that Rice was insolvent. But if they believed that he had property sufficient to liquidate all

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

his indebtedness, why take this security? I do not mean that because a man takes security it always follows that he has reason to believe the debtor insolvent; but when, as in this case, the creditor has brought suit upon commercial paper, to which there is no defense, and then by arrangement with the debtor the suit is dismissed and security is taken, and the fact is that the debtor at the time was insolvent, this makes out a strong case. If a creditor under such circumstances takes security, he does so at his peril. The plaintiff must recover.